**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 12-00820-TLM** |
| LARSON LAND COMPANY, LLC, ) | |
| ) | **Chapter 7** |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

**INTRODUCTION**

Before the Court is an amended application for professional compensation of the law firm of Robinson, Anthon & Tribe ("Counsel"). Doc. No. 370 ("Amended Application"). Counsel represented Larson Land Company, LLC ("Debtor") when Debtor first filed a chapter 11 petition and while it was briefly a chapter 11 debtor in possession.[1] Counsel also represented Debtor after a chapter 11 trustee was appointed. And Counsel has represented Debtor after the case was converted to a chapter 7 liquidation.

Counsel submitted his initial application for compensation, Doc. Nos. 357 and 357-1 ("Initial Application") on March 5, 2013. The Initial Application was heard on April 15, 2013. While no objections were filed prior to hearing, the

---

[1] Unless otherwise indicated all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

chapter 7 trustee, Janine Reynard ("Trustee") appeared at the hearing and voiced an objection. After discussion, Counsel was given two weeks within which to amend his application. Although Counsel did not timely amend the application, he did eventually file the Amended Application on May 8, 2013. This Decision now resolves the matter of the Amended Application.[2]

**BACKGROUND AND FACTS**

Given the matters at issue, a brief history will suffice. The facts are taken from the Court's records, *see* Fed. R. Evid. 201, and from the Amended Application itself.

Debtor filed its chapter 11 petition on April 12, 2012. Debtor sought, and obtained, approval under § 327(a) to employ Counsel, and such employment was effective as of April 13, 2012. *See* LBR 2014.1(c).

The day after filing its petition, Debtor filed an emergency motion seeking an order allowing nonconsensual use of cash collateral under § 363(c)(2)(B), and the motion came on for hearing on April 18 and 19. That motion was denied on April 19. The next day, the United States Trustee ("UST") filed an emergency motion to appoint a chapter 11 trustee. Following a telephonic hearing with Counsel, the UST, and primary secured creditors later that same day, the Court

---

[2] This Decision constitutes the Court's findings and conclusions. Fed. R. Bankr. P. 9014, 7052.

MEMORANDUM OF DECISION - 2

granted that motion.[3] The UST appointed John L. Davidson as chapter 11 trustee ("Chapter 11 Trustee") and the Court approved that appointment on April 20, 2012.

The Chapter 11 Trustee, assisted by his approved counsel, performed his duties. These included obtaining necessary financing, negotiating with secured creditors for carve-outs for his professionals' fees and expenses and for the benefit of unsecured creditors, and the negotiation and approval of sale under § 363 of Debtor's assets.[4]

On January 16, 2013, the case was converted to a Chapter 7 liquidation, and Trustee was appointed.

The Initial Application addressed services rendered by and expenses incurred by Counsel throughout both stages of the chapter 11 case and also in the chapter 7 aspect of the case. The Amended Application, however, excluded all fees and costs for services provided by Counsel after the appointment of the Chapter 11 Trustee in the chapter 11 case and those during the pendency of the

---

[3] The conduct of Debtor's principals and other reasons for the appointment of the Chapter 11 Trustee are well laid out in prior rulings of the Court, and not iterated here.

[4] The extent of and detail regarding such services are amply explained in the Court's oral ruling entered during the chapter 11, overruling Debtor's objections to compensation of the Chapter 11 Trustee and his professionals. *See*, *e.g.*, Doc. No. 315 (transcript of Nov. 26, 2012 ruling); Nos. 301–303 (orders allowing compensation).

MEMORANDUM OF DECISION - 3

chapter 7.[5]  The Amended Application also deleted two time entries during the pre-Chapter 11 Trustee period totaling $480.00.

**DISCUSSION AND DISPOSITION**

The Court is required to independently review the Amended Application. *In re A.W. Logging, Inc.*, 356 B.R. 506, 510 (Bankr. D. Idaho 2006).  It has done so, and has considered applicable case law related to Counsel's request.  It finds the record, and those authorities, adequate to allow resolution of this matter without further submissions or hearing.

    **A.**    **Timeliness of the Amended Application**

Under LBR 1019.1(f), when a chapter 11 case is converted to chapter 7, all requests for allowance of administrative expenses in the chapter 11 case must be filed within 90 days of the conversion date.  Here, conversion to chapter 7 occurred on January 16, 2013.  The 90th day following was April 16, 2013.  The Initial Application was filed on March 5, 2013, and the Amended Application

---

[5] Counsel's decision to exclude those fees and costs appears to conform with existing case law.  Chapter 7 debtors' attorneys may not be compensated from estate funds unless they are employed under § 327.  *Lamie v. United States Trustee*, 540 U.S. 526, 538–39 (2004).  And although the Court could not locate controlling precedent on the matter, a number of cases hold no fees are allowable to a chapter 11 debtor's attorney once a chapter 11 trustee has been appointed. *See, e.g. Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414 (5th Cir. 1998); *Morrison v. United States Trustees*, 2010 WL 2653394 (E.D.N.Y. June 24, 2010); *United States Trustee v. Nickless (In re Int'l Gospel Party Boosting Jesus Groups, Inc.)*, 487 B.R. 12 (D. Mass. 2013); *In re Bay Voltex Corp.*, 2006 WL 3834300 (Bankr. N.D. Cal. Dec. 29, 2006), *aff'd* 2008 WL 8444794 (9th Cir. BAP Oct. 9, 2008), *aff'd* 371 Fed.Appx. 820 (9th Cir. Mar. 24, 2010).  *But see In re Manstone Countertops, LLC*, 2013 WL 1289124 (Bankr. D. Ariz Mar. 26, 2013).

MEMORANDUM OF DECISION - 4

relates back to that date, and so was timely under the Local Rule.

### B. Services as Counsel for Debtor as debtor in possession

Counsel's employment under § 327(a) was effective April 13, 2012. The Amended Application itemizes services rendered from that date through April 20, 2012, totaling $6,819.00. *See* Doc. No. 370 at 10–11. The Court evaluates these services under the standards of § 330(a) and well-established case law. *See generally In re Iwasa*, 361 B.R. 162, 166–68 (Bankr. D. Idaho 2007) (setting forth and applying factors for analysis of compensation of the chapter 11 debtors' attorney); *A.W. Logging, Inc.*, 356 B.R. at 510–19 (examining several objections to compensation of a chapter 11 debtor's attorney).

While there are some issues with "lumping" of services, which impedes evaluation of reasonableness and application of the standards of § 330, *see Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 532–33 (Bankr. D. Idaho 2008), on the whole the request for this limited period of time is unobjectionable.[6] The services in the Amended Application relate primarily to Debtor's attempt to obtain emergency use of cash collateral. While that attempt was unsuccessful, the services rendered by Counsel were reasonably required in the effort, *see* § 330(a)(3)(C), and the Court finds the magnitude and nature of the request in this regard to be

---

[6] The lumping issue involves time entries on 4/13/12 (3.1 hours), 4/13/12 (3.0 hours), 4/16/12 (2.0 hours) and 4/17/12 (2.9 hours).

MEMORANDUM OF DECISION - 5

reasonable.[7]

The Amended Application will be granted, allowing compensation in the amount of $6,819.00. This allowance under § 330 provides Counsel an administrative expense under § 503(b)(2).[8] However, given the conversion to chapter 7, it is an expense subordinate to chapter 7 administrative expenses. *See* § 726(b).

### C. Expenses

The Amended Application indicates the amount of $638.91 represents expenses bearing dates in the April 13–20, 2012 period. Doc. No. 370 at 11. That amount will be allowed.

## CONCLUSION

For the reasons set forth, the Court will grant the Amended Application, and Counsel is allowed compensation in the amount of $6,819.00 and reimbursement of expenses in the amount of $638.91.

The Court will enter an order in accord with this Decision.

---

[7] These services preceded the events that precipitated the emergency hearing on appointment of a trustee under § 1104.

[8] There is no retainer in trust for the benefit of Counsel. *See* Doc. No. 357 at 2 and 3 (noting balance of retainer represented "proceeds" and were therefore delivered to the creditor secured thereby on December 20, 2012). And, unlike the situation with the professionals employed by the Chapter 11 Trustee, who benefitted from an express carve-out from secured creditors' collateral for their compensation, there was no carve-out for Debtor's professionals.

MEMORANDUM OF DECISION - 6

DATED: May 8, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7